UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                              Case No.  13-11401-PGH
                                                                    Chapter 11
IL Bacio, Inc.,

_____Debtor_____/

### DEBTOR-IN-POSSESSION'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 USC §363 NUNC PRO TUNC

Il Bacio, Inc., debtor-in-possession, by and through its undersigned proposed counsel, files this Motion for Authority to Use Cash Collateral pursuant to 11 USC §363, and in support thereof states:

### Jurisdiction

1. This Court has jurisdiction over this motion pursuant to 28 USC §157 and §1334.  This is a core proceeding pursuant to 28 USC §157(b).  Venue is proper before this Court pursuant to 28 USC §1408 and §1409.

2. Relief is requested pursuant to 11 USC §105 and §363 and Rule 4001(d)(1)(D).  On January 22nd, 2013, the debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

3. On January 22nd, 2013, Debtor filed its voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code.

4. Debtor operates a restaurant and night club in a leased facility in Delray Beach, Florida.

5. Debtor is not a small business debtor as defined in 11 USC §105(51D).

6. Debtor is operating its business and managing its assets as a Debtor-in-Possession pursuant to 11 USC §1107(a).

### Relief Requested

7. Debtor seeks an Order authorizing Debtor to use cash collateral pursuant to 11 USC §363 Nunc Pro Tunc to the date of filing.

### Basis for Relief Requested

8. Debtor is authorized to operate its business using property of the estate in the ordinary

course of business but is restricted from utilizing cash collateral without the consent of secured creditor CIT Small Business Lending Corp. and court authorization.

9. In this instance, the cash collateral comes from the operation of the Debtor-in-Possession's restaurant business. Costs for employee services, food, supplies, cleaning and entertainment must be paid in order to continue to operate the Debtor-in-Possession's ongoing business.

10. Therefore, costs incurred by Debtor are properly chargeable against Debtor's cash collateral as reasonable, necessary costs and expenses of preserving the estate. 11 USC §506(c) and 11 USC §552(c).

11. *Adequate Protection - Lease*. Debtor owes approximately $27,000 per month in lease payments on the premises in which the Debtor currently operates its restaurant business. As part of the Debtor's restructuring plan, Debtor intends to continue to lease said premises for at least the next 6 months and estimates that the current fair market value of the leasehold premises is $4,000 per week. Debtor has been paying, and the landlord Atlantic Avenue East Holdings, LLC has been accepting, approximately $4,000 per week ($17,200 per month) for more than the last 12 months.

12. *Adequate Protection - CIT*. Debtor owes approximately $433,000 to CIT Small Business Lending Corp. secured by the equipment, fixtures, cash and other assets of the Debtor and assets of the co-debtor, Steven Pellegrino, Sr. The Debtor has been making payments in the amount of $6,000 per month on the loan. As part of the Debtor's restructuring plan, Debtor intends to cram said secured loan to the fair market value of the assets. Given the loan was for the build-out of the restaurant and the value of said assets has substantially diminished, Debtor asserts that adequate protection payments on this loan should be $3,000 per month until finalization of the reorganization plan or further Order of this court.

12. *Adequate Protection – Strategic Funding Source, Inc.*. Debtor is under contract with Strategic Funding Source, Inc. for the factoring of its merchant services accounts (credit card reconciliation and fund advancing) at a recovery rate of four percent (4%) of credit card receivables. This factoring agreement is secured by the Debtor's receivables in the daily business of the Debtor's restaurant/night club operation. The Debtor proposes to continue to pay this amount as Adequate Protection.

13. Debtor intends to use its cash collateral for payment of the necessary and ordinary operational expense itemized in its proposed budget. *Exhibit A.*

WHEREFORE, the debtor respectfully requests an Order of this court authorizing the use of cash collateral, authorizing the payment of adequate protection, scheduling a hearing on the same, and granting such other relief as this Court deems just and proper.

**Dated:** January 31st , 2013

### Attorney Certification

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Submitted by:**

/s/Angelo A. Gasparri
Angelo A. Gasparri, Esq.
The Law Offices of Angelo A. Gasparri
1080 S. Federal Highway
Boynton Beach, FL  33435
Phone:  (561) 826-8986
Fax:  (561) 935-9706
E: angelo@drlclaw.com
Florida Bar No. 032158

### Certificate of Service

I CERTIFY that a true copy of this application was mailed on the 31st day of January, 2013, to the appropriate parties pursuant to a Certificate of Service filed as of this date.

/s/Angelo A. Gasparri
Angelo A. Gasparri, Esq.
The Law Offices of Angelo A. Gasparri
1080 S. Federal Highway
Boynton Beach, FL  33435
Phone:  (561) 826-8986
Fax:  (561) 935-9706
E: angelo@drlclaw.com

**Copies to:**

Service Matrix
Debtor
U.S. trustee
Attorney for Creditor's Committee (or
 if none 20 largest unsecured creditors)
All Appearances